```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                       CORPUS CHRISTI DIVISION


JOHN R. MORRIS,                     §
                                    §
            Plaintiff,              §
v.                                  §      Civil Action
                                    §      No. C-05-565
FRU-CON CONSTRUCTION CORPORATION,   §
                                    §
            Defendant.              §
```

### ORDER GRANTING DEFENDANT'S
### MOTION FOR SUMMARY JUDGMENT

On this day came on to be considered Defendant Fru-Con Construction Corporation's ("Fru-Con") Motion for Summary Judgment (D.E. 24). For the reasons set forth below, the Court hereby GRANTS Fru-Con's Motion for Summary Judgment and dismisses Plaintiff's claims with prejudice.

## I.  Jurisdiction

The Court has federal question jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.

## II. Procedural Background

Plaintiff filed this action against Fru-Con on November 30, 2005. Plaintiff alleges a single cause of action, that in 2005, Fru-Con failed to hire him in violation of the Age Discrimination in Employment Act ("ADEA")(D.E. 1).[1] He is seeking back pay and

---

[1] Plaintiff has expressly agreed to limit his claim against Fru-Con to failure to hire in 2005. See D.E. 15, Court's Order Denying Motion to Dismiss.

benefits, compensatory damages, damages for physical and mental pain and suffering, and attorney's fees and costs (Id.)

On August 21, 2006, Fru-Con filed the instant motion for summary judgment (D.E. 24). Fru-Con argues that Plaintiff cannot establish a prima facie case of age discrimination because he fails to establish that he applied for a job with Fru-Con after his September 2003 termination. Id. On September 11, 2005, Plaintiff filed his response in opposition (D.E. 25).

### III. Summary Judgement Evidence and Undisputed Facts

In support of its motion for summary judgment, Fru-Con offers the following evidence:

- DX-A: Affidavit of Charles R. Weeks, Fru-Con Vice President and Director of Human Resources with attached copy of Fru-Con's job application procedure;

- DX-B  Plaintiff's July 3, 2006 deposition transcript.

(See D.E. 24, attachments).

Plaintiff offers the following evidence in response:

- PX-A: Excerpt of plaintiff's deposition transcript;

- PX-B: Plaintiff's resume;

- PX-C: Fru-Con Human Resources Memorandum dated October 31, 2001 concerning hiring procedures and disposal of personnel files;

- PX-D: Declaration of Barbara A. Keen verifying Organizational Memorandum;

- PX-E: Copy of Fru-Con's Organizational Memorandum for the Third Quarter Executive Review dated November 7, 2000;

PX-F:    Plaintiff's Affidavit executed September 11, 2006. (See D.E. 25, attachments).

The following facts are not in dispute:

Plaintiff was born on January 10, 1956. (Plaintiff's Depo., DX-B at 5). He began working for Fru-Con in 1986 as a Pipe Fitter/Supervisor, and eventually worked as a Construction Manager. (Plaintiff's depo., DX-B at 52; PX-B). During his employment with Fru-Con, Plaintiff worked at various locations, both in the United States and overseas. (Plaintiff's Depo., DX-B at 39-41; PX-B).

In March 1994, upon return from an overseas assignment, Plaintiff requested that Fru-Con terminate his employment so that he could seek other work opportunities. (Plaintiff's Depo., DX-B at 59). He was terminated on March 31, 1994. (Id. at 58).

On July 25, 1995, Plaintiff completed an application for employment with Fru-Con, and he was subsequently re-hired by the company. (Id. at 59).

In May, 2002, Plaintiff was working for Fru-Con in Florida. (Plaintiff's Aff't, PX-F at 1). On May 29, 2002, Mike Fogarty, Fru-Con's Vice President of Engineering, informed Plaintiff that he would be transferred to the ODEC Power Plant in Maryland. (Id.) On February 27, 2003, while working at the Raw Water Pump Station in Rock Springs, Maryland, Plaintiff injured his knee. (Id.) Plaintiff underwent knee surgery in April 2003, and went on short-term disability. (Plaintiff's Depo., DX-B at 12). Fru-Con

terminated Plaintiff's employment in September, 2003.[2] (Id. at 14, 58).

In 2003, plaintiff filed a lawsuit against Fru-Con in the 343rd Judicial District Court of San Patricio County, Texas alleging that he was terminated in retaliation for filing a worker's compensation claim and for refusing to commit an illegal act. (Plaintiff's Depo., DX-B at 33).

Plaintiff did not submit an application for employment with Fru-Con after his September 2003 discharge. (Plaintiff's Depo., DX-B at 59). In 2005, several position became available at Fru-Con. (Plaintiff's Aff't, PX-F at 2). Plaintiff was not hired for any of these jobs. (Id.)

Since his September 2003 termination from Fru-Con, Plaintiff has worked as an independent consultant on various domestic and international construction and energy projects. (Plaintiff's Depo, DX-B at 14-23). Since leaving Fru-Con, Plaintiff has earned a higher annual salary. (Id. at 24-25).

## IV. Discussion

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 states that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[2] Plaintiff's September, 2003 discharge is not a subject of this lawsuit. See D.E. 15, Court's Order Denying Motion to Dismiss.

affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; see also Judwin Props., Inc., v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1046-1047 (5th Cir. 1996). If the nonmovant bears the burden of proof on a claim, the moving party may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. See Celotex Corp., 477 U.S. at 325; Ocean Energy II, Inc. v. Alexander & Alexander, Inc., 868 F.2d 740, 747 (5th Cir. 1989).

Once the moving party has carried its burden, the nonmovant "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." First Nat'l Bank of Arizona v. Cities

Serv. Co., 391 U.S. 253, 270 (1968); see also Schaefer v. Gulf Coast Reg'l Blood Ctr., 10 F.3d 327, 330 (5th Cir. 1994) (stating that nonmoving party must "produce affirmative and specific facts" demonstrating a genuine issue).

When the parties have submitted evidence of conflicting facts, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Willis, 61 F.3d at 315. Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the nonmoving party, no reasonable jury could return a verdict for that party. See, e.g., Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 399 (5th Cir. 2000).

**B.  Age Discrimination in Employment Act**

The Age Discrimination in Employment Act (ADEA) provides that "it shall be unlawful for an employer to fail or refuse to hire or to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). "The prohibitions in [the ADEA] shall be limited to individuals who are at least 40 years of age." 29 U.S.C. § 631(a).

In an age discrimination case based on circumstantial evidence, courts will analyze the claim using the McDonnell Douglas three-part burden shifting framework. See Baker v. Am. Airlines, Inc., 430 F.3d 750, 753 (5th Cir. 2005); Machinchick v. PB Power, Inc., 398 F.3d 345, 350 (5th Cir. 2005); see also McDonnell Douglas

Corp. v. Green, 411 U.S. 792, 802-04 (1973). Under this framework, the plaintiff must initially establish a prima facie case evidencing discriminatory treatment. See Baker, 430 F.3d at 753; Machinchick, 398 F.3d at 350. To establish a prima facie age discrimination case for failure to hire, Plaintiff must prove: (1) that he was over 40 when he applied for the position, or he belonged to the protected class; (2) that he applied for and was qualified for the job; (3) that despite his qualifications, he was rejected; and (4) that the person that filled the position was not a member of the protected class. See Machinchick, 398 F.3d at 350; Rachid v. Jack In The Box, Inc., 376 F.3d 305, 308-09 (5th Cir. 2004). And see Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 317 (5th Cir. 2004)(setting forth prima facie case for an ADEA failure to promote claim, which includes that the employee "*sought* and was qualified for the position").

If the plaintiff proves a prima facie case of age discrimination, the burden shifts to the defendant to assert "a legitimate nondiscriminatory reason for its employment action." Machinchick, 398 F.3d at 350. "If the defendant meets its burden, the presumption of discrimination created by the plaintiff's prima facie case disappears and the plaintiff must meet its ultimate burden of persuasion on the issue of intentional discrimination." Id. Plaintiff may meet this burden by "producing evidence tending to show that the reason offered by the defendant is pretext for

discrimination." Id.

### C. Plaintiff Cannot Establish a Prima Facie Case

It is undisputed that Plaintiff was over 40 years old during the relevant time period of his failure to hire claim (2005). (Plaintiff's Depo., DX-B at 5). However, Plaintiff cannot establish a genuine issue of material fact on the next requirement of the prima facie case, that he "applied for and was qualified for the job."

To state a prima facie case of discrimination, the plaintiff must demonstrate that he *applied* for a position for which he was qualified. Fields v. Hallsville Indep. Sch. Dist., 906 F.2d 1017, 1021 (5th Cir. 1990) (emphasis added). See also Ritter v. Hill 'N Dale Farm, Inc., 231 F.3d 1039, 1045 (7th Cir. 2000) (plaintiff could not make out a prima facie case of failure to hire age discrimination where plaintiff "never applied for" the position); Lewis v. State of Delaware Dep't of Public Instruction, 986 F. Supp 848, 856 (D. Del. 1997) (former employee could not maintain prima facie case of failure to hire race discrimination where former employee did not apply for the position); Simmon v. Village of Willow Springs, 2004 WL 2036405, *8 (N.D. Ill. 2004) ("if [plaintiff] did not apply for such position, or such position was not available, he could not possibly prevail on his failure to hire claim.").

Here, Plaintiff admits that he did not fill out an

application for employment with Fru-Con after his September 2003 discharge. (Plaintiff's Depo., DX-B at 59). However, he contends that he **effectively applied** for several positions by virtue of his status as a former Fru-Con employee. Plaintiff claims that Fru-Con has a practice of considering former employees "eligible and subject to reassignment to other positions after they complete an assignment with Fru-Con Corporation." (D.E. 25 at ¶¶ 5, 10). In essence, he argues that, despite his discharge in September 2003 and his pending state court lawsuit against Fru-Con in 2005, the fact that his resume was on file with Fru-Con amounts to an application for future employment.

Plaintiff's argument attempts to equate having an old resume on file with applying for a job. However, there is no summary judgment evidence to support Plaintiff's interpretation of Fru-Con's hiring policy. Plaintiff cites to a Human Resource document concerning the disposal of personnel files following termination. (See PX-C). This policy, however, provides that certain pertinent records of terminated employees are maintained for 15 years, including the resume, raise history, and evaluations, while the rest of the documents are expunged. (PX-E). It does not refer to retaining files for the purpose of re-hiring terminated employees for new positions; the policy is instead a **document retention policy,** stating that "Personnel Files of terminated employees ... shall be retained in accordance with statutory requirements and

shall be destroyed according to a time-defined schedule." (PX-C at 1, ¶ 3). Fru-Con's policy of retaining portions of personnel files to comply with statutory requirements does not support Plaintiff's contention that he somehow applied for positions with Fru-Con without filling out an application.

Moreover, Fru-Con's hiring procedures specifically requires that an application ***be submitted***:

> Every person seeking employment with [Fru-Con] may do so by submitting either an application for employment or a resume for consideration. In no case may a person be considered for employment without first completing an application and/or submitting a resume.
>
> .....
>
> For all applicants who are being considered for hire, an acceptable reference must be obtained from a present or former employer.

(See DX-A at 2).

Plaintiff never ***submitted*** a resume after September 2003 in anticipation of future employment, and the fact that his old resume was on file does not amount to applying for a job. In fact, Plaintiff's own actions show that a terminated employee must re-apply to be considered for a vacant position, as Plaintiff completed an application in 1995 when he wished to return to work for Fru-Con. (Plaintiff's Depo., DX-B at 59). Moreover, in considering Fru-Con's acceptable reference requirement, it is unlikely that Plaintiff, having been terminated and in the process of suing Fru-Con, would have a favorable reference form a Fru-Con

supervisor.

Defendant has set forth evidence showing that an application is necessary for a former employee to be considered for Fru-Con's open positions. (DX-A). Further, Defendant has submitted the Declaration of Charles R. Weeks, Fru-Con Vice-President and Director of Human Resources, concerning Fru-Con's hiring practices. Mr. Weeks testified that "[a]ny person who wanted to be hired for a position at Fru-Con, including former employees who had been terminated, would be required to apply." (DX-A, Weeks Dec. at 1). Mr. Weeks' Declaration further states that Plaintiff never applied for employment with Fru-Con at any time following his termination in September, 2003. (Id.) Finally, Mr. Weeks declared that Fru-Con did not maintain a list of terminated employees, nor did Fru-Con automatically consider former employees for any future positions. (Id. at 1-2).

It is Plaintiff's burden to establish his prima facie case of discrimination. See Baker, 430 F.3d at 753; Machinchick, 398 F.3d at 350. Accordingly, in the summary judgment context, Fru-Con may meet its burden by showing the absence of evidence to support an element of Plaintiff's prima facie case. See Celotex Corp., 477 U.S. at 325. Here, Plaintiff has failed to put forth evidence to support his contention that he applied for open Fru-Con jobs in 2005, merely because he was a former Fru-Con employee. Defendant has established that Plaintiff had to apply to be considered for

open positions, and that Plaintiff never completed an application following his discharge. (Plaintiff's Depo., DX-B at 59; DX-A Hiring Procedures Policy and Weeks' Dec.).

There is no genuine issue of material fact that Plaintiff did not apply for any open jobs in 2005, and accordingly he cannot maintain a prima facie case for failure to hire in violation of the ADEA.

## V.   Conclusion

For the reasons set forth above, this Court hereby GRANTS Defendant Fru-Con's Motion for Summary Judgment. (D.E. 24). Plaintiff's claims under the ADEA are dismissed with prejudice.

SIGNED and ENTERED on this 26th day of September, 2006.

_____
Janis Graham Jack
United States District Judge