```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                   CORPUS CHRISTI DIVISION
```

|  |  |  |
|---|---|---|
| JOHN R. MORRIS, | § § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. C-05-565 |
| FRU-CON CONSTRUCTION CORPORATION, | § § § | |
| Defendant. | § § § § | |

**ORDER**

On this day came on to be considered Plaintiff John R. Morris' Motion for Leave to File Supplemental Response in Opposition to Defendant Fru-Con Construction Corporation's Motion for Summary Judgment (D.E. 28, "Motion for Leave"). For the reasons set forth below, Plaintiff's Motion for Leave is DENIED.

**I.   Jurisdiction**

The Court has federal question jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.

**II.  Discussion**

Plaintiff seeks leave to file a supplemental response to Defendant's Motion for Summary Judgment (D.E. 24). Specifically, Plaintiff requests leave to file a supplemental response after he takes the deposition of Charles R. Weeks on September 29, 2006.

(Motion for Leave, ¶ 4).

The Scheduling Order in this case sets forth the following deadlines: Trial is scheduled for November 2, 2006, the dispositive motion deadline passed on August 15, 2006, and the discovery deadline passed on August 31, 2006. (D.E. 12, "Scheduling Order," ¶¶ 1, 4, 7).

Per the Court's General Order, the trial date and dispositive motion deadline "cannot be extended even by agreement." (D.E. 14, "General Order," ¶ 1(A)). While the parties can agree to extend the discovery deadline, such an extension "may not be used to extend the 'non-extendable' deadlines." (General Order, ¶ 1(B)).

Defendant filed its Motion for Summary Judgment on August 15, 2006.[1] (D.E. 21). Plaintiff filed his Response to Defendant's Motion on September 11, 2006. (D.E. 25). Plaintiff had a full twenty days to respond to Defendant's Motion for Summary Judgment, and Plaintiff's response was not due until after the discovery deadline had expired. (Scheduling Order, ¶ 4; Local Rules 7.3 and 7.4).

Plaintiff says that he issued notice of intent to take the deposition of Greg Holthouse on August 11, 2006. (Motion for Leave, ¶ 2). Sometime after August 18, 2006, Plaintiff's counsel "instead decided to take the deposition of Charles R. Weeks," Fru-

---

[1] On August 18, 2006, the Court struck Defendant's Motion for Summary Judgment for a technical defect. (D.E. 23). Defendant re-filed the motion on August 21, 2006. (D.E. 24).

Con Construction Corp. Vice-President and Director of Human Resources. (Motion for Leave, ¶ 3). Mr. Weeks' deposition is scheduled for September 29, 2006. (Motion for Leave, ¶ 4).

Plaintiff was permitted to conduct discovery as soon as the parties conferred as required by Fed. R. Civ. P. 26(f).[2] The parties conducted their Rule 26(f) meeting on January 6, 2006. (D.E. 9, Joint Discovery Case Management Plan, ¶ 1). Yet Plaintiff did not indicate his interest in taking Mr. Holthouse's deposition until *August 11, 2006*. (Motion for Leave, ¶ 2). Plaintiff changed his mind about that deposition and did not indicate any interest in taking Mr. Weeks' deposition until *at least August 18, 2006*. (Motion for Leave, ¶ 3). Plaintiff waited *over seven months*, three days after the dispositive motion deadline expired, with less than two weeks until the discovery cut-off, to show any interest in deposing Mr. Weeks. (Motion for Leave, ¶ 3; Scheduling Order, ¶¶ 4, 7). Plaintiff has provided no reason for his lengthy delay in seeking Mr. Weeks' deposition testimony.

Moreover, the Court's General Order states that "[e]ach party is ordered to bring any discovery issue to the Court's attention immediately. *At first sign of a discovery problem*, all parties shall make a joint telephone call to the case manager". (General Order, ¶ I(C)(1)) (emphasis added). Over the course of this

---

[2] Federal Rule of Civil Procedure 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

litigation, Plaintiff never contacted the Court regarding difficulties in obtaining deposition testimony.

The General Order is clear that a discovery deadline extension "may not be used to extend" the trial date or dispositive motion deadline. (General Order, ¶ 1(A)-(B)). Any supplemental response filed by Plaintiff after Mr. Weeks' September 29, 2006 deposition would extend the dispositive motion deadline, which had come and gone several weeks before Plaintiff even filed the instant Motion for Leave. (Motion for Leave; Scheduling Order, ¶ 4). Moreover, if Plaintiff were to file a supplemental response after the completion of Mr. Weeks' deposition, this response would not be ready until at least the beginning of October, 2006. (Motion for Leave, ¶ 4). Trial is scheduled for November 2, 2006. (Scheduling Order, ¶ 1). This would necessarily cause an impermissible extension of the trial date set forth in the Scheduling Order. (Scheduling Order, ¶ 1; General Order, ¶ 1(A)-(B)). Plaintiff had over seven months to seek Mr. Weeks' deposition testimony in this case. <u>See</u> Fed. R. Civ. P. 26(f); Joint Discovery Case Management Plan, ¶ 1. Plaintiff failed to act when he had the chance, and he cannot seek to extend the dispositive motion and trial deadlines at this late date because of his unreasonable delay.

### III. Conclusion

For the reasons set forth above, this Court hereby DENIES Plaintiff's Motion for Leave (D.E. 28).

SIGNED and ENTERED on this 27day of September, 2006.

_____
Janis Graham Jack
United States District Judge